NORWEST BANK NEBRASKA, N.A., PERSONAL REPRESENTATIVE OF THE ESTATE OF RALPH C. KATZBERG, ET AL., APPELLANTS, v. LOUISE C. KATZBERG, APPELLEE.

661 N.W.2d 701

Filed May 30, 2003.    No. S-02-523.

Roger Holthaus and Diana J. Vogt, of Holthaus Law Offices, P.C., L.L.O., for appellants.

Mark A. Beck, of Beck Law Office, P.C., for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

MILLER-LERMAN, J.

### NATURE OF CASE

Norwest Bank Nebraska, N.A., personal representative of the estate of Ralph C. Katzberg; Carol Bentz; Ann R. McGrath; and Sue Ward (collectively the appellants) brought this equitable

action against Ralph's widow, Louise C. Katzberg, in the district court for Adams County seeking a judgment against Louise in the amount of an investment account that the appellants asserted was the property of the estate. At issue is whether the investment account with a brokerage house, consisting of municipal bonds and titled as the joint property of Ralph and Louise, became the sole property of Louise on Ralph's death or whether it was part of Ralph's estate. The district court concluded that the investment account was a joint account with rights of survivorship held by Ralph and Louise and that by operation of law, the balance of the account became the property of Louise on Ralph's death. The district court therefore dismissed the appellants' petition. The appellants filed this appeal. We affirm.

## STATEMENT OF FACTS

Ralph and Louise were married on August 21, 1985. On that same day, Ralph and Louise entered into a prenuptial agreement. The prenuptial agreement contained the following provision:

> During the marriage, the parties agree to pool their social security, civil service and farm incomes and to deposit them into joint bank accounts and to use these funds for their combined living expenses. Any interest income shall remain the separate property of each. Any income not used for day to day living expenses shall be invested in jointly owned investments which shall pass to the surviving joint tenant at time of death of first joint tenant.

Elsewhere in the prenuptial agreement, it was stated that "it is mutually desired by the parties that the property and estate of each shall remain separate and be subject only to the control of its respective owner." Lists of Ralph's and Louise's assets were attached as exhibits to the prenuptial agreement. Ralph's assets included, inter alia, "IM-IT Bonds" totaling $25,000; "Savings Accounts & C.D.'s" totaling $22,000; "Government Bonds — E & H" with a face value totaling $382,500; and "Municipal Bonds — Non-Taxable" with a face value totaling $25,000.

On July 22, 1993, Ralph opened an investment account at Edward Jones (account 2818). Account 2818 was titled to Louise and Ralph and was designated as a joint account with rights of survivorship.

On November 3, 1993, Ralph executed a will which acknowledged that Louise was his wife; that he had no children; and that he had three nieces, Bentz, McGrath, and Ward. The will contained the following specific bequest:

> I give and devise to my nieces, Ann R. McGrath, Sue Ward, and Carol Bentz, equally share and share alike, the sum of Thirty Thousand Dollars ($30,000.00), to be funded by the Coupon Bonds and other accounts that may be in joint tenancy with my wife, but are set forth in my Pre-Nuptial Agreement. It was not my intent to have these accounts pass to my wife upon my death, but was done for the convenience of accounting and filing of tax returns.

The will designated Louise as residuary beneficiary, and Bentz, McGrath, and Ward as residuary beneficiaries in the event that Louise did not survive Ralph for 30 days.

Ralph died on August 8, 1996. Norwest Bank Nebraska was appointed as personal representative of Ralph's estate, and the November 3, 1993, will was filed for probate on September 27, 1996. The appellants subsequently initiated the present action and filed the operative amended petition on February 8, 1999. The appellants alleged in the amended petition that account 2818 was created by Ralph when he transferred funds from an Edward Jones account that was owned solely by him. The appellants alleged that Ralph did not intend to create a right of survivorship in favor of Louise in account 2818 and that the prenuptial agreement and the will were evidence of such intent. The appellants sought a judgment against Louise in the amount of Ralph's interest in account 2818, which they asserted was the property of his estate.

The appellants and Louise each filed motions for summary judgment, which motions were overruled on June 8, 2001. Trial in the matter was held February 28, 2002. At trial, Rebecca Maddox, an account representative with Edward Jones, testified that she assisted Ralph in opening account 2818. She informed Ralph of the consequences of designating an investment account as being jointly owned with rights of survivorship and explained that on his death, the property would become the sole property of the joint owner. Maddox testified that, being so informed, Ralph indicated that he nevertheless wanted account 2818 to be

titled as jointly owned by him and Louise with rights of survivorship. Maddox testified that account 2818 was used to hold investments that were mainly municipal bonds.

The attorney who prepared Ralph's will also testified. The attorney testified that he advised Ralph that the language in the will attempting to avoid the legal consequences of a joint tenant account would likely not be effective. It is undisputed that Ralph took no steps to retitle account 2818 in his name alone or otherwise.

On April 17, 2002, the district court entered an order dismissing the appellants' petition. The court found that the prenuptial agreement clearly anticipated the creation of joint accounts and the investing of Ralph and Louise's joint funds. The court concluded that account 2818 was a joint tenant account with rights of survivorship, that account 2818 became the sole property of Louise upon Ralph's death, and that the designation of account 2818 as joint property had not been overcome by Ralph's will or any other evidence presented by the appellants. The appellants filed this appeal of the district court's order.

## ASSIGNMENTS OF ERROR

The appellants assert generally that the district court erred in determining that they failed to establish that Ralph did not intend account 2818 to be held with Louise as joint property with rights of survivorship. They assert specifically that the district court erred in (1) failing to enforce the terms of the prenuptial agreement between Ralph and Louise, (2) finding that the prenuptial agreement could not overcome the designation of account 2818 as a joint account with rights of survivorship, (3) declaring Louise the sole owner of account 2818, and (4) failing to consider proof of Ralph's intent that the transfer of certain property to account 2818 did not affect such property's status as his sole property. The discussion of all assignments of error is combined in our analysis below.

## STANDARD OF REVIEW

■ In an appeal of an equitable action, an appellate court tries factual questions de novo on the record, provided that when credible evidence is in conflict on a material issue of fact, the appellate court considers and may give weight to the fact that

the trial judge heard and observed the witnesses and accepted one version of the facts rather than another. *Anderson v. Bellino*, 265 Neb. 577, 658 N.W.2d 645 (2003).

## ANALYSIS

At issue in this case is whether account 2818 was property held in joint tenancy by Ralph and Louise with rights of survivorship which became Louise's sole property on Ralph's death or whether it was property which should have been included in Ralph's estate.

Referring to the evidence, Louise argues that the order of the district court should be affirmed. Louise notes that account 2818 was held in joint tenancy with rights of survivorship and points specifically to evidence that account 2818 was so titled and to testimony by Maddox that Ralph knowingly indicated his intent that account 2818 be so titled. Louise also points to the testimony of Ralph's attorney to the effect that he advised Ralph that Ralph's will would not likely defeat the legal consequences of the account titled joint tenants with rights of survivorship.

The appellants argue that the district court's order is in error. The appellants claim that the evidence presented by Louise is contradicted by the terms of the prenuptial agreement and by Ralph's will which they assert indicate that Ralph did not intend account 2818 to become Louise's property on his death, but instead indicate that account 2818 was to be part of his estate from which the specific bequest of $30,000 to Bentz, McGrath, and Ward could be satisfied.

In their briefs, the parties refer to Neb. Rev. Stat. § 30-2723(a) (Reissue 1995), which provides in part that "on death of a party sums on deposit in a multiple-party account belong to the surviving party or parties," and to Neb. Rev. Stat. § 30-2724(b) (Reissue 1995), which provides that "[a] right of survivorship arising from the express terms of the account . . . may not be altered by will." We note that Neb. Rev. Stat. § 30-2716 (Reissue 1995), taken from the Uniform Probate Code, provides definitions applicable to, inter alia, §§ 30-2723 and 30-2724. Section 30-2716(1) defines "[a]ccount" as "a contract of deposit between a depositor and a financial institution, and includes a checking account, savings account, certificate of deposit, and share

account." Section 30-2716(4) defines "[f]inancial institution" as "an organization authorized to do business under state or federal laws relating to financial institutions, and includes a bank, trust company, savings bank, building and loan association, savings and loan company or association, and credit union." Although not urged by either party, we note that comparable definitions included in the Uniform Probate Code and adopted in other states have been found to be inapplicable to investment accounts held by brokerage firms. See, *Berg v. D.D.M.*, 603 N.W.2d 361 (Minn. App. 1999) (investment account with stock brokerage firm not "account" under definition similar to that in § 30-2716(1)); *In re Estate of Bogert*, 96 Idaho 522, 531 P.2d 1167 (1975) (securities held in stock account with brokerage firm not "account" within meaning of similar provision derived from Uniform Probate Code). But see *Deutsch, Larrimore & Farnish v. Johnson*, 791 A.2d 350 (Pa. Super. 2002) (statutory section with definition of "account" similar to that in § 30-2716(1) held applicable to brokerage account with investment company).

The evidence in this case indicates that account 2818 was an investment account titled as a joint account with rights of survivorship and maintained with the Edward Jones brokerage firm and that the account held municipal bonds. We have long observed that property owned in joint tenancy passes by reason of the nature of the title to the surviving joint tenant upon the death of the other and does not pass by virtue of the provisions of the will of the first joint tenant to die. *Heinold v. Siecke*, 257 Neb. 413, 598 N.W.2d 58 (1999). We have previously stated that in order to find a joint tenancy in the ownership of bonds, a court must find a clear expression of an intent to create a joint tenancy. *In re Estate of Steppuhn*, 221 Neb. 329, 377 N.W.2d 83 (1985).

Whether ownership of account 2818 is determined pursuant to an analysis under Neb. Rev. Stat. §§ 30-2716 to 30-2733 (Reissue 1995) or an analysis under the common law as expressed in cases like *In re Estate of Steppuhn, supra*, the record amply demonstrates that account 2818 was owned by Ralph and Louise as joint tenants with rights of survivorship and therefore passed upon Ralph's death to Louise. The statements for account 2818 entered into evidence were titled to both Ralph and Louise with the designation "JTWROS," indicating a joint tenancy with rights of

survivorship. Maddox testified that she had explained to Ralph that titling accounts as a joint tenancy with rights of survivorship meant that the account would become the sole property of Louise upon his death and that Ralph expressed his intent that account 2818 be titled as a joint account with rights of survivorship. Ralph's attorney indicated that he advised Ralph that provisions in Ralph's will would likely not alter the treatment of a joint account upon his death.

The appellants argue that the terms of the prenuptial agreement contradict and override the title of account 2818. On the contrary, the title of account 2818 is consistent with the provision of the prenuptial agreement which provides that "[a]ny income not used for day to day living expenses shall be invested in jointly owned investments which shall pass to the surviving joint tenant at time of death of first joint tenant." Account 2818, which was opened in 1993, almost 8 years after execution of the prenuptial agreement, appears to be in the category of "jointly owned investments" contemplated by the prenuptial agreement. By virtue of such joint tenancy with rights of survivorship, account 2818 became Louise's property upon Ralph's death, and the district court's decision was correct.

## CONCLUSION

Account 2818 was owned in joint tenancy by Ralph and Louise with rights of survivorship, and ownership of account 2818 therefore passed to Louise upon Ralph's death and did not pass through Ralph's estate. The district court did not err in concluding that account 2818 became the property of Louise at the time of Ralph's death, and it therefore did not err in dismissing the appellants' petition.

AFFIRMED.