IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**


MEISINGER V. MEISINGER


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


MARK MEISINGER, APPELLANT,

V.

JERRY MEISINGER ET AL., APPELLEES.


Filed January 9, 2018.    No. A-17-135.


Appeal from the District Court for Sarpy County: WILLIAM B. ZASTERA, Judge. Affirmed.

Mark Meisinger, pro se.

Timothy J. Buckley, of Adams & Sullivan, P.C., L.L.O., for appellees Jerry Meisinger and Bonnie Meisinger.


INBODY, PIRTLE, and BISHOP, Judges.

PIRTLE, Judge.

### INTRODUCTION

Mark Meisinger (Mark) appeals the order of the district court for Sarpy County, granting appellees' motion for judgment on the pleadings and dismissing Mark's petition. Mark did not properly assign errors in his appellate brief. We have reviewed the record for plain error. Finding none, we affirm the order of the district court.

### BACKGROUND

On February 18, 1987, Bessie Meisinger (Bessie) executed a quitclaim deed to herself and her two sons, Jerry Meisinger (Jerry) and Marlin Meisinger (Marlin). Marlin was the father of appellant, Mark. The deed contained the following provision:

- 1 -

BESSIE MAE MEISINGER, Widow, GRANTOR, in consideration of Ten Dollars ($10.00) and other good and valuable consideration received from GRANTEE, BESSIE MAE MEISINGER, Widow and JERRY G. MEISINGER AND MARLIN D. MEISINGER* quitclaims to GRANTEE, the following described real estate (as defined in Neb. Rev. Stat. 76-201)[.]

Following the description of the property, the deed contained a provision qualifying the intended relationship amongst the grantees. It states:

*Jerry G. Meisinger and Marlin D. Meisinger between themselves shall hold title as tenants in common each owning an undivided one-half but with respect to Bessie Mae Meisinger they shall be joint tenants so that upon the death of Bessie Mae Meisinger the said Jerry G. Meisinger and Marlin D. Meisinger shall each own an undivided one half interest as tenants in common.

In December 1993, Marlin died leaving no spouse. He had two children: Bryan J. Meisinger, and Mark D. Meisinger, the appellant. Bessie died in February 2012.

In 2014, Jerry executed a joint tenancy quitclaim deed as the grantor, granting the property to himself and his wife, Bonnie, in joint tenancy.

On July 30, 2015, Mark filed a petition for declaratory judgment requesting transfer of title through deed by operation of law to Marlin's children, Mark and Bryan, in one-half undivided ownership. The petition also requested the deed by Jerry to be declared invalid or to be for only one-half undivided ownership of the property. Mark filed amended petitions on September 30, 2015, and December 9, 2015. The December petition alleged that Mark is entitled to half of one-half undivided ownership of the property and requested this share be transferred through deed by operation of law to him.

Jerry and Bonnie filed a motion for judgment on the pleadings on November 12, 2016. They alleged that Mark's request for a determination of his interest in the real state was beyond the ten-year statute of limitations, and sought dismissal of Mark's action.

On December 7, 2016, Mark filed a motion for judgment on the pleadings stating Bessie had conveyed the property as a life estate to herself with the remainder to Marlin and Jerry as either joint tenants or tenants in common. The motion stated:

If the remaindermen of the deed have a joint tenancy then the right of survivorship would govern and the real property would go back between the other surviving cotenants if one should die. If the remaindermen of the deed have a tenants in common then upon the death of a cotenant their interest would pass to their heirs by operation of law.

Mark alleged that the statute of limitations did not run until the death of Bessie, and there was no adverse possession until "one of the remaining cotenants clearly ousts the other." Thus, he argues, his action was timely.

A hearing on the motions for judgment on the pleadings was held on December 19, 2016. The Sarpy County District Court determined two separate tenancies had been created, "one between Bessie and her sons being a joint tenancy and one between the sons as tenants in common." The district court determined that when Marlin died in 1994, any interest he had in the

property reverted to Bessie as the surviving joint tenant. The district court determined the property in question would have passed to the surviving heirs pursuant to the Nebraska probate code. Jerry and Bonnie's motion for judgment on the pleadings was granted and the case was dismissed. Mark appealed.

## ASSIGNMENTS OF ERROR

Mark's brief does not contain an assignments of error section.

## STANDARD OF REVIEW

Neb. Ct. R. App. P. § 2-109(D)(1)(e) (rev. 2014) requires a separate, concise statement of each error a party contends was made by the trial court, together with the issues pertaining to the assignments of error. Where the brief of a party fails to comply with the mandate of § 2-109(D)(1)(e), we may proceed as though the party failed to file a brief or, alternatively, may examine the proceedings for plain error. *In re Interest of Samantha L. & Jasmine L.*, 286 Neb. 778, 839 N.W.2d 265 (2013).

## ANALYSIS

Mark's brief on appeal contains assignments of error as headings in the argument section of his brief. The Nebraska Supreme Court has repeatedly emphasized that Neb. Ct. R. App. P. § 2-109(D)(1) requires a party to set forth assignments of error in a separate section of the brief, with an appropriate heading, following the statement of the case and preceding the propositions of law, and to include in the assignments of error section a separate and concise statement of each error the party contends was made by the trial court. *Logan v. Logan*, 22 Neb. App. 667, 859 N.W.2d 886 (2015). The court has also emphasized that "'headings in the argument section of a brief do not satisfy the requirements of Neb. Ct. R. App. P. § 2-109(D(1).'" *Logan v. Logan*, 22 Neb. App. at 682, 859 N.W.2d at 899.

When a party on appeal fails to comply with the clear requirements of the court rules mandating that assignments of error be set forth in a separate section of the brief, we may proceed as though the party failed to file a brief or, alternatively, may examine the proceedings for plain error. *Logan v. Logan, supra.* Plain error is error plainly evident from the record and of such a nature that to leave it uncorrected would result in damage to the integrity, reputation, or fairness of the judicial process. *Id.* See, also, *Steffy v. Steffy*, 287 Neb. 529, 843 N.W.2d 655 (2014).

A motion for judgment on the pleadings is properly granted when it appears from the pleadings that only questions of law are presented. *In re Trust Created by Hansen*, 274 Neb. 199, 739 N.W.2d 170 (2007). In rendering a decision in this case, the court considered the questions of property law presented in Mark's petition for declaratory judgment. We have reviewed the record for plain error, particularly the court's interpretation of the following provision in Bessie's quitclaim deed:

*Jerry G. Meisinger and Marlin D. Meisinger between themselves shall hold title as tenants in common each owning an undivided one-half but with respect to Bessie Mae Meisinger they shall be joint tenants so that upon the death of Bessie Mae Meisinger the said Jerry G. Meisinger and Marlin D. Meisinger shall each own an undivided one half interest as tenants in common.

In order to create a joint tenancy in this state, the intention of the parties must be clearly expressed. *In re Estate of Steppuhn*, 221 Neb. 329, 377 N.W.2d 83 (1985). If the question is whether a joint tenancy or a tenancy in common has been created, the ordinary rules apply: the presumption is in favor of a tenancy in common, and in order to find a joint tenancy the court must find a clear expression of an intent to create a joint tenancy. *Id.*

The deed she executed expressly states that "with respect to Bessie" the sons "shall be joint tenants." This is a clear expression of intent to create a joint tenancy between Bessie and the sons, and is enough to overcome the presumption in favor of a tenancy in common. Contrary to Mark's assertions in the pleadings, there is no mention of the creation of a life estate, and Bessie clearly intended to retain an ownership interest in the property in joint tenancy.

The final provision of the deed shows the clear intention that, after Bessie's death, the sons should each own an undivided half interest in the property as tenants in common. The district court did not plainly err in finding that two tenancies were created; one between Bessie and the sons, and another between the sons upon their mother's death.

The deed does not explicitly state what would happen to either son's share if he should predecease Bessie. The Nebraska Supreme Court has long observed that property owned in joint tenancy passes by reason of the nature of the title to the surviving joint tenant upon death of the other and does not pass by virtue of the provisions of the will of the first joint tenant to die." *Norwest Bank Neb. v. Katzberg*, 266 Neb. 19, 661 N.W.2d 701 (2003). Applying this principle, the joint tenancy controlled Marlin's interest in the property upon his death. This supports the district court's finding that Marlin's interest in the property reverted to his mother, the surviving joint tenant, upon his death, rather than passing to his heirs. Bessie and the surviving son, Jerry, held the property as joint tenants after Marlin's death, and her interest passed to Jerry upon her death in 2012.

We note that, having found that Marlin's interest in the property reverted to Bessie upon his death, the district court did not need to address whether Mark's claim was filed within the applicable statute of limitations, because he was not entitled to any interest in the property.

## CONCLUSION

The district court did not plainly err in granting appellees' motion for judgment on the pleadings and dismissing Mark's petition for declaratory judgment.

AFFIRMED.